1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY JOHN HENKLE,                         No.  2:12-cv-2750 DAD

12            Plaintiff,

13       v.                                       ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,
15

16            Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.

20   For the reasons explained below, plaintiff's motion is granted, defendant's motion is denied, the

21   decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is

22   remanded for further proceedings consistent with this order.

23                            PROCEDURAL BACKGROUND

24        On February 8, 2010, plaintiff filed an application for Disability Insurance Benefits

25   ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on

26   October 14, 2006.  (Transcript ("Tr.") at 67, 138.)  Plaintiff's application was denied initially, (id.

27   at 73-76), and upon reconsideration.  (Id. at 82-85.)  Plaintiff requested a hearing and a hearing

28   was held before an Administrative Law Judge ("ALJ") on June 29, 2011.  (Id. at 36-62.)  Plaintiff

                                              1

was represented by an attorney and testified at the administrative hearing.  (Id. at 36-37.)  In a decision issued on August 24, 2011, the ALJ found that plaintiff was not disabled.  (Id. at 31.) The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
>
> 2.  The claimant has not engaged in substantial gainful activity since October 14, 2006, the alleged onset date (20 CFR 404.1571 et seq.).
>
> 3.  The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with lower back pain (20 CFR 404.1520(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of sedentary work as defined in 20 CFR 404.1567(a).  Specifically, he can lift and carry a maximum of 10 pounds.  He can stand and walk for four hours in an eight-hour day, and sit four hours, but he must be allowed to change positions from sitting to standing at will.  He can climb, balance, kneel, crouch and crawl only occasionally, and should never perform work requiring ladders, ropes, or scaffolds.
>
> 6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7.  The claimant was born on July 19, 1969 and was 37 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).
>
> 8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

/////

1

2

> 11.  The claimant has not been under a disability, as defined in the Social Security Act, from October 14, 2006, through the date of this decision (20 CFR 404.1520(g)).

3

(Id. at 25-31.)

4

 On September 26, 2012, the Appeals Council denied plaintiff's request for review of the

5

ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by

6

filing the complaint in this action on November 6, 2012.

7

LEGAL STANDARD

8

 "The district court reviews the Commissioner's final decision for substantial evidence,

9

and the Commissioner's decision will be disturbed only if it is not supported by substantial

10

evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

11

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

12

support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

13

Chater, 108 F.3d 978, 980 (9th Cir. 1997).

14

 "[A] reviewing court must consider the entire record as a whole and may not affirm

15

simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

16

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

17

1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

18

reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d

19

1072, 1075 (9th Cir. 2002).

20

 A five-step evaluation process is used to determine whether a claimant is disabled. 20

21

C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

22

process has been summarized as follows:

23

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

24

25

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

26

27

28

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

3

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following four principal errors in finding him not disabled:  (1) the ALJ erred with respect to the treatment of the medical opinion evidence; (2) the ALJ improperly rejected plaintiff's own testimony concerning his subjective symptoms; (3) the ALJ failed to consider a third party witness statement; and (4) the ALJ's residual functional capacity determination was not supported by substantial evidence in the record.  (Pl.'s MSJ (Dkt. No. 13) at 5-17.[1])

**I.    Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in rejecting the opinion of plaintiff's treating physician.  (Id. at 14-16.)  In this regard, on September 23, 2010, Dr. Donald Pang, plaintiff's long-time treating physician, completed a Medical Assessment of Ability to do Work-Related Activities (Physical) form provided by defendant.  (Tr. at 416-19.)  For the most part, the ALJ afforded Dr. Pang's opinion, as expressed and reflected in the form, "significant" weight.  Specifically, in almost every respect the ALJ found that treating physician Dr. Pang's opinion was "well supported by the evidence . . . ."  (Id. at 28.)  The ALJ rejected only Dr. Pang's finding that plaintiff would be absent from work more than four times per month.  In doing so, the ALJ merely stated as follows:

---

[1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

1
2
3

> In addition, the objective evidence does not demonstrate that the claimant will be absent from work more than four times per month and, aside from a vague reference to the claimant's MRI, Dr. Pang offers no explanation for this finding.

4   (Id.)

5       As noted above, Dr. Pang was plaintiff's long-time treating physician.  Accordingly, his

6   opinion was entitled to considerable weight.  The weight to be given to medical opinions in Social

7   Security disability cases depends in part on whether the opinions are proffered by treating,

8   examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885

9   F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of

10  a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81

11  F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater

12  opportunity to know and observe the patient as an individual.  Smolen, 80 F.3d at 1285; Bates v.

13  Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).  A treating physician's uncontradicted opinion

14  may be rejected only for clear and convincing reasons, while a treating physician's opinion that is

15  controverted by another doctor may be rejected only for specific and legitimate reasons supported

16  by substantial evidence in the record.  Lester, 81 F.3d at 830-31.

17      Here, the only reason offered by the ALJ for rejecting Dr. Pang's finding that plaintiff

18  would be absent from work more than four times per month was the ALJ's own assertion that

19  "the objective evidence" did not support Dr. Pang's conclusion and that, "aside from a vague

20  reference to the claimant's MRI," Dr. Pang did not offer an "explanation" for his finding that

21  plaintiff would be absent from work more than four times per month.  (Tr. at 28.)  However,  it is

22  well-established that

23
24
25
26

> [t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

27  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988).  See also Tackett v. Apfel, 180 F.3d

28  1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary

1  support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599,

2  602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do

3  not suffice); Schulz v. Astrue, 849 F.Supp.2d 1049, 1052 (W.D. Wash. 2011) ("To simply say a

4  medical opinion is not supported by the medical evidence is a conclusory statement and not an

5  adequate reason to reject the opinion.").

6       Moreover, not only was Dr. Pang plaintiff's treating physician, he is also a board certified

7  orthopedic surgeon.  (Tr. at 271.)  The opinions of a medical specialist regarding the specialist's

8  area of expertise "are given more weight than the opinions of a nonspecialist."  Smolen v. Chater,

9  80 F.3d 1273, 1285 (9th Cir. 1996).  See also 20 C.F.R. §§ 404.1527(c)(5) & 416.927(c)(5) ("We

10 generally give more weight to the opinion of a specialist about medical issues related to his or her

11 area of specialty than to the opinion of a source who is not a specialist.").

12      Finally, the court is persuaded by the fact that the ALJ essentially "cherry-picked" the

13 treating physician's medical opinion by finding all of the doctor's conclusions to be "well

14 supported by the evidence" except the lone aspect of the medical opinion that would require a

15 finding that plaintiff was disabled.  Tellingly, in rejecting that lone critical aspect of the opinion

16 of plaintiff's treating physician, the ALJ did not set out the reasoning and the evidentiary support

17 for the ALJ's interpretation of the medical evidence but rather stated only broad and vague

18 reasons for doing so.  By proceeding in this fashion, the ALJ erred.

19      Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor

20 with respect to his claim that the ALJ erred in rejecting the opinion of plaintiff's treating

21 physician without a legitimate basis for doing so.

22                                    CONCLUSION

23      With error established, the court has the discretion to remand or reverse and award

24 benefits.[2]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

25 would be served by further proceedings, or where the record has been fully developed, it is

26 appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v.

27 _____

28 [2]  In light of the analysis and conclusions set forth above, the court need not address plaintiff's
   remaining claims of error.

1   Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that

2   must be resolved before a determination can be made, or it is not clear from the record that the

3   ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,

4   remand is appropriate. Id. at 594.

5        Here, when the opinion evidence of plaintiff's treating physician, Dr. Pang, is given the

6   proper weight, the evidence of record demonstrates that plaintiff was disabled when Dr. Pang

7   rendered his opinion on September 23, 2010. In this regard, Dr. Pang opined in his September

8   23, 2010 opinion that plaintiff would be absent from work as a result of his impairments, on

9   average, more than four days per month. (Tr. at 419.) According to the Vocational Expert who

10  testified at the June 29, 2011 administrative hearing, an individual who would need to miss three

11  or four days of work per month could not sustain any type of employment. (Id. at 60.)

12       However, while it is clear that plaintiff was under a disability as of September 23, 2010, it

13  is not clear from the administrative record before the court if the date of onset of disability is

14  September 23, 2010, or sometime prior thereto. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th

15  Cir. 2010) (affirming remand to determine onset date where ALJ did not address the issue and

16  evidence in the record did not establish onset date); Regennitter v. Commissioner of Social Sec.,

17  166 F.3d 1294, 1300 (9th Cir. 1999) (finding claimant disabled but remanding for determination

18  of onset date); Armstrong v. Commissioner, 160 F.3d 587, 590 (9th Cir. 1998) (Where, after

19  reviewing the record, the court found it unclear when the claimant's disabilities became disabling

20  the case was remanded with instruction to determine when the claimant became disabled).

21       Accordingly, the court will remand the matter for further administrative proceedings

22  consistent with this order and solely for the limited purpose of determining the correct date of

23  onset of plaintiff's disability. See Widmark v. Barnhart, 454 F.3d 1063, 1065 (9th Cir. 2006)

24  (reversing and remanding for proceedings consistent with the court's decision that the ALJ

25  improperly rejected an examining physician's opinion).

26       In accordance with the above, IT IS HEREBY ORDERED that:

27            1. Plaintiff's motion for summary judgment (Dkt. No. 13) is granted;

28            2. Defendant's cross-motion for summary judgment (Dkt. No. 14) is denied;

7

1          3.  The decision of the Commissioner of Social Security is reversed; and

2          4.  This case is remanded for further proceedings consistent with this order.

3   Dated:  March 4, 2014

4

5                                    _____
                                     DALE A. DROZD
6                                    UNITED STATES MAGISTRATE JUDGE

7

8

    DAD:6
9   Ddad1\orders.soc sec\henkle2750.ord.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28